RECEIVED

NOV 16 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA

11/6/2020
Cornelius Lopes
51 Quartz Place, Newark, CA. 94560
corneliuslopes@gmail.com

C   20   08086   NC

The defendants posted in the san jose mercury news and on a homosexual social media website called reddit. The defendants defamatory and intentional inflection of emotional distress and negligent infliction of emotional distress; as well as slander and libel upon the plaintiff.

Statute of limitations Code of Civil Procedure 340 (C), the plaintiff became aware of the defendants ryan's homosexual blogs in December 2019 it was then that the statute of limitations began to run for the defendant erin and defendants in these complaints. There, defendant ryan in his June 13, 2019 statement on reddit stated, "The thing is, that's not even a bike lane. If you watch either video, the short one starts where I'm about to describe, the bike lane goes to the right to hug the curb behind the on-street parking spots for cars then, where the person is parked, moves away from the curb back to where it was. So, this person is on top of the bike lane." Also, he states on June 13, 2019 at 20:28 PST username bumpkinspicefatte statement was, "Just forward this post to a person who works at Google or their HR. Tell them to spread it among their HR department. Google is under some heat right now. They'll take care of this swiftly to compensate." Defendant ryan relied with user name on June 13, 20:45 PST, " Thank you. This is exactly the type of thing I was hoping to find. I was able to read his name, but I've forgotten it now, but it starts with a C." The single publication rule, which state that the statute of limitations period begins to run when a defamatory statement first published. However, the single publication rule is not absolute.  If the reported defamatory content is republished to a substantially different audience or is altered in any way, a new statute of limitations period may begin to run. Here, the defendants statements from the article appears in queerty.com, https://www.queerty.com/mayoral-candidate-caught-tape-shouting-antigay-slurs-cyclist-says-exercising-free-speech-20190618. Here, the defendants statements and article appear on thetodaypress.com, https://www.thetodaypress.com/2019/06/16/newark-mayoral-hopeful-calls-cyclist-aryan-homophobic-slur/. Here, the defendants statements and article appear on nbcbayarea.com, https://www.nbcbayarea.com/news/local/ex-newark-city-council-candidate-uses-homophobic-epithet-in-confrontation-over-sj-bike-lane/97188/. Here the defendants statements and comments appear on nbclosangeles.com, https://www.nbclosangeles.com/news/california-news/bay-area-city-council-homophobic-bike-lane/80069/.

At issue is Reddit is guilty of violating Section 230 of the Communication Decency Act, and has no immunity as aa traditional editor. They solicited and encouraged users to submit content, the Court of Appeals decision allows for website operators to held liable for encouraging users to submit unlawful content, Fair Housing Council v. Roommates.com LLC, 521 F3d 1157, 1175 9th Cir. 2008.

At issue is trademark and copyright infringement of the plaintiff likeness and violations of 15 U.S.C. subsection 1125 (a).

At issue, are the defendant's statements that were statements published as a matter of facts that Erin Baldassari and Ryan Thompsen chose to present them as in articles which appeared in newspapers, local and national television news broadcasts. California's defamation law of significant interest to the plaintiff here. The plaintiff will adequately plead the elements of slander per se under, cal.civ.code subsection 46 (1). These claims are related to statements the defendant Ryan made during an interview with defendant Erin and subsequent statements both have made months after their initial statements in the San Jose Mercury newspaper constituted false assertions of facts that defamed the plaintiff. These are actionable by the plaintiff as they did imply false assertions and the neutral reportage doctrine is not applicable because their statements do not comport with the First Amendment guarantee of free and uninhibited discussion of public issues. These defendants' statements were made in a online gossip column are also actionable because they reasonably could have been interpreted as statements of fact.

At issue, whether the defendant Erin Baldassari and the San Jose Mercury News, accurately related the story Ryan Thompsen told her over the phone or in person regarding the plaintiff. The plaintiff alleges the defendants falsely reported the conversations the defendant Ryan had with the plaintiff as a criminal act 1. the plaintiff violated a traffic law, 2. the plaintiff used homophobic slurs that constituted hate speech, 3. as a result of the defamed publication the plaintiff was terminated from his job at Google, 4. the defendants encouraged readers of online and san jose mercury news publication to contact Google and have the plaintiff terminated. And 5. the defendants false and defaming publications encouraged the Newark voters not to vote for the plaintiff, Cornelius Lopes for Mayor of the City of Newark California in the 2020 local election. The defendants Erin, Ryan and the San Jose Mercury News defamed the plaintiff by publishing and republishing, these falsehoods.

At issue, by not offering the plaintiff mutual combat against the defendants and defendants' violations of the commerce clause, *Gibbons v. Ogden* (1824).

At issue, the defendants published all their statements with "actual malice". The defendant's statements that the plaintiff was a former Newark city council candidate and was going to run for office in 2020 as the Newark city mayor. The defendants spoke with actual malice or with a reckless disregard for the truth and for the plaintiff to prevail he must show this in this defamation claim, New York Times v. Sullivan, 376 U.S. 245, 279-80, 11 L.Ed.2d 686, 84 S.Ct. 710 (1964). Plaintiff's complaints contain such allegations that the issues by the defendant's mental state is one the Court must see as one of fact, Church of Scientology Intl v. Behar, 238, F.3d 168, 173 (2d Cir. 2001).   The plaintiff is aware that the resolution to the defendants falsity of the statements of actual malice inquiries requires discovery and the plaintiff will need to take depositions of the defendants, the issue is whether defendants in fact entertained serious doubts as to the truth of their publications. The plaintiff looks to the holdings in Barry v. Time, Inc., the truth to the publication calls for a "subjective inquiry" that does not readily permit disposition of a case on summary judgment, Barry v. Time, 584 F. Supp. 1110, 1113 N.D. cal. 1984).

At issue, the defendant Erin disputes that the substance and details of the allegations against the plaintiff, namely the plaintiff was criminally involved in a bike accident that occurred in 2004. The plaintiff emailed the defendant Erin proof that the plaintiff was charged with spousal abuse

in order to have a warrant issued for his arrest in that case. The emails to the defendant will contend that the facts are true and correct; moreover, the plaintiff was tried in criminal court and found not guilty. The defendant did not publish this fact. The facts set forth in this complaint exonerated the plaintiff of any crimes in 2004, that she refers to in the article as acts of criminality by the plaintiff. The defendant described a reality incompatible with the allegations which she put in the newspaper article which was then picked up by local and national news organizations and republished. Since the defendants knew I had plan on running for public office in order for the plaintiff to recover in this libel action against the media defendants must establish the falsity of the defamatory statements.

At issue, the plaintiff raises a serious question about whether defendants in each medium, implicate plaintiff. An element of slander is that the statements must be "of and concerning" the plaintiff, either explicitly or impliedly, Blatty v. New York Times Co., 42 Cal. 3d 1033, 232 Cal. Rptr (1986). The defendant's statements specifically refer to the plaintiff and satisfies the "of and concerning" requirement, the jury can infer that the defendant's defamatory statements applies to the plaintiff and thus can be substantiated as a defamation claim. The defendant's san jose mercury news article and statements in Ryan Thompsen online gossip forums mentions plaintiff and attributes criminal activity to him, Church of Scientology of California v. Flynn, 744 F.2d 694, 697 (1984). The Court should reject any suggestion by the defendants statements about the plaintiff presents a factual issue because the defendants refer to the plaintiff by name but offer no proof of laws violated during the social distancing conversation between the plaintiff and defendant Ryan.

Plaintiff brings this action for slander which is a variety of defamation, the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damages, Ringler Assocs. V. Maryland Casualty Co., 80 Cal. App. 4th 1179, 96 Cal. Rptr. (2000). California law defines slander as a false and unprivileged publication, orally uttered, and also communication by radio and any mechanical or other means, Cal.Civ.Code subsection 46. Slander, false and unprivileged publications, and the plaintiff relies on Rodriguez, 3124 F.3d at 983; Ringler, 80 Cal. App., 4th at 1179. The defendants are afforded the First Amendment of the United States Constitution which privileges speech; also imposes additional requirements for plaintiff to proceed in this defamation claim, such as the requirement that a public figure prove that the defamation spoken was with actual malice. In the defendants homosexual blog on Reddit under r/BAbike posted on June 13, 2019 under the username u/imbreaststroke. The title is San Jose Area Riders: Beware of a Grey Nissan 370Z 8ABL272, the article states, " I was riding home after work down 2nd St (this was approaching 2nd and San Salvador) and someone was parked in the bike lane and getting out of their car. Since they were present, I told them they were in the bike lane and to move. They immediately became confrontational and eventually called me "Aryan" and a homophobic slur (I think you all know what I'm talking about).
He also said something like "You're a local, you'll get over it" so it makes me think he doesn't live downtown.
I've uploaded 2 videos to YouTube, 1 is from when I roll up to the blocked bike lane and the encounter at ~22 seconds, the other is the full ride (for those nay-sayers)."

This is the link to the article,
https://www.reddit.com/r/BAbike/comments/c0euh1/san_jose_area_riders_beware_of_a_grey_ni
ssan_370z/.

The defendants San Jose Mercury News published on June 16th 2019 with the title, "In video, Newark mayoral hopeful called cyclist 'Aryan,' homophobic epithet, in San Jose altercation". The fact that the sought to criminalize the plaintiff use of the word aryan and fag is a false narrative that they chose to criminalize and unprivileged publication as it was a criminal act  even though Ryan acknowledged in the newspaper article, "there was still room to a cyclist to pass between the car and the curb." Defendant erin's publication and ryan's statement are slanderous statements because its content inflicted damages the defendant ryan intended per his online blog dated June 13, 2019 at 19:42 GMT, which is 7:30PM Pacific Day lite time. ( in the article hover over 1 year go Posted by u/imbreaststroke 1 year ago in this link,
https://www.reddit.com/r/BAbike/comments/c0euh1/san_jose_area_riders_beware_of_a_grey_ni
ssan_370z/.

The time is important, the defendant ryan published a false statement on June 13, 2019 at the time of 19:42 GMT on the reddit.com website in the About Community section to BAbike community site called r/BAbike, see exhibit A below. The statement was about the plaintiff that was not privileged because his accusation in his online blog is that he rolled up to a blocked bike lane. In the newspaper article published June 16, 2019 " he came across Lopes' Nissan 350Z, parked with both tires inside the green and white striped bike lane, although there was still room for a single cyclist to pass between the car and the curb." Here the defendant provided a false statement in his online blog which differs from the statement he gave to defendant erin. The defendant ryan defamed the plaintiff interests and reputation and he violated California Civil sections 44 (a) a publication that is (b) false (c) defamatory and (d) unprivileged.

Exhibit A
https://www.reddit.com/r/BAbike/comments/c0euh1/san_jose_area_riders_beware_of_a_grey_ni
ssan_370z/



The defendants erin and ryan have included a permanent form of defamatory matter by freezing the picture of the plaintiff face they intended to and achieved attacking the plaintiff's honesty in his employment and as his social media post show the defendants endangered the plaintiff's employment and is actionable per se. see exhibit B below.

On reddit's social media post dated June 17, 2019 at 15:26 PST user name MrAlexSan writes, "The original threads pissed me off. Too many assholes saying he shouldn't get fired for his bad behavior.
This guy works close to several of my team members. I am fine with his ass getting fired. His outside behavior can and will affect people within the organization. Now if you don't work within the organization and don't want to make any movement against him... Fine, that's totally fair. But as someone who works within Google and can come into contact with him.... fuuuuuuck this guy. He's a liability."

      Civ. Code § 45 defines libel as "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." See *Savage v. Pacific Gas & Elec. Co.* (1993). The plaintiff looks to libel per se, here the defendant's statements are defamatory on its face and under California law libelous per se, and actionable without proof of special damages. *Tonini v. Cevasco* (1896) 114 Cal. 266, 271; *Smith, supra,* 72 Cal.App.4th at 645; *Walker v. Kiousis* (2001) 93 Cal.App.4th 1432, 1441. In *Barnes-Hind v. Superior Court* (1986) 181 Cal.App.3d 377, the court held, If such a reader would perceive a defamatory meaning without extrinsic aid beyond his or her own intelligence and common sense, then … there is a libel per se. But if the reader would be able to recognize a defamatory meaning only by virtue of his or her knowledge of specific facts and circumstances, extrinsic to the publication, which are not matters of common knowledge rationally attributable to all reasonable persons, then … the libel cannot be libel per se but will be libel *per quod,*" requiring pleading and proof of special damages.
Exhibit B

https://www.mercurynews.com/2019/06/16/in-video-newark-mayoral-hopeful-called-cyclist-aryan-homophobic-slur-in-san-jose-altercation/



In this case defendant ryan stated in the June 13, 2019 social media post on reddit under the about community r/SanJose. Defendant ryan was hoping to get the plaintiff fired from his job based on his false and unprivileged oral communication on that social media platform. Knowing his slanderous statement that the plaintiff being fired from his job is what defendant ryan was looking for.

On Reddit the defendants ryan's social media post in the About Community section called r/SanJose and someone who identifies themselves as, bumpkinspicefatte on June 13, 2019 at 20;28 PST, writes " Just forward this post to a person who works at Google or their HR. Tell them to spread it among their HR department. Google is under some heat right now. They'll take care of this swiftly to compensate."

On June 13, 2019 at 20:45 PST, defendant ryan replies with user name imbreaststroke " Thank you. This is exactly the type of thing I was hoping to find. I was able to read his name but I've forgotten it now, but it starts with a C."

On June 13, 2019 at 21:58 defendant ryan describes the plaintiff's action as road rage using user name imbreaststroke.

Others on the website are encouraged to get the plaintiff fired is username tri_it_again on June 13, 2019 at time of 20:04 PST writes, "Enhance" and username drdeadringer on June 14, 2019 writes "Napalm Intensifies".

On June 17, 2019 username MrAlexSan at 13:26 PST wrote, "The original threads pissed me off. Too many assholes saying he should not get fired for his bad behavior. This guy works close to several of my team members. I'm fine with his ass getting fired. His outside behavior can and will affect people within the organization. Now if you don't work within the organization and don't want to make any movement against him... Fine, that's totally fair. But as someone who works within Google and can come into contact with him.... fuuuuuuck this guy. He's a liability."

On June 18, 2019 at the time of 9:21PST, username nanaroo writes, No longer works as a TVC at Google.... On June 21, 2019 at the time 18:36 PST user name kr1sp13 writes, How do you know? Not disputing just curious. On June 21, 2019 at the time 18:54 PST username nanaroo writes, Let's just say, I know.

On June 18, 2019 username Diezel666 at 22;06 wrote, I wonder how his bosses and coworkers at Oracle feel about this....

On June 19, 2019 the time was 6:05 PST username MrAlexSan wrote, He worked at Google he was laid off this week.

On June 19, 2019 the time was 16:46 PST username Diezel666 wrote, Nice...

In Milkovich v. Lorain Journal CO., 497 U.S. at 110 S.Ct. 2705, a L.Ed2d 1 (1990), the Court held that, while "pure" opinions are protected by the First Amendment, a statement that may imply a false assertion of fact is actionable. Also the plaintiff is aware that Court had a previous opportunity to interpret Milkovich, in Unelko Corp. v. Rooney, 912 F.2d 1049, 1053 (9th Cir.. 1990). There the Court asked a threshold matter, "whether a reasonable factfinder could conclude that the contested statement implies as assertion of objective fact." The Court adopted a three -part test (1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proven true or false. In this case the Court needs to view it under the basic Unelko's basic framework and examine the defendants work as a whole, specifically the context in which their statements were made and the statements themselves to determine whether a reasonable factfinder could conclude that the statements imply a false assertion or objective fact and therefore fall outside of the protection of the First Amendment. When applying the Court's adopted test to the case at bar (1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact? Defendants statement on reddit on June 13, 2019 under the username imbreaststroke " The thing is, that's not even a bike lane. If you watch either video, the short one starts where I'm about to describe, the bike lane goes to the right to hug the curb behind the on-street parking spots for cars then, where the person is parked, moves away from the curb back to where it was. So this person is on top of the bike lane, not in a parking spot. What is worse, is there's a parking lot to the right of the sidewalk so this person drove past the parking lot entrance, past the last car, and parked on the bike lane."

The defendant ryan's false assertion of fact as it appears in the san jose mercury newspaper June 16, 2019 under the large bold letters Newark mayoral hopeful call cyclist 'Aryan' homo epithet, in San Jose altercation. https://www.mercurynews.com/2019/06/16/in-video-newark-mayoral-

hopeful-called-cyclist-aryan-homophobic-slur-in-san-jose-altercation/. Similar to the holding in Franklin v. Dynamic Detail, Inc, 116 Cal.App.4th 375,10 Cal.Rptr. 3r 429, 437 Ct App 2004. In order for this Court to determine whether the defendants statements declares or implies a false assertion of fact, the Court takes into account a total of the circumstances, both the statement itself and to the context in which it was published, Partington, 56 F3d at 1153; Unelko, 912 F.2f at 1053; Rodriquez, 314 F.3d at 987. The defendant erin, published a false and unprivileged publication and therefore has slandered the plaintiff which tends directly to injure him in respect to his future political aspirations and his profession, trade and business by imputing something with reference to his future Newark mayor aspirations but because of the homophobic epithets it generally disqualifies him with respect to that it would have a natural tendency to lessen his future work and political aspiration and his opportunity to work. As the homosexual chat room statements that are in exhibit above, the plaintiff's co-workers actively sought to get him terminated from his job at google and were highly successful.

In the san jose mercury news article, defendant erin statement was false and unprivileged which had a natural tendency to injure the plaintiff which caused special damages, Ringer Assocs. V. Maryland Casualty Co.., 80 Cal. App. 4th 1165, 1179, 96 Cal.Rpr. 2d 136 (ct.App.2000), in that case After several attempts to contact the plaintiff the defendant and the plaintiff had phone and email conversations on June 15, 2019 and the plaintiff emailed documents to the defendant and one of them was of an incident in which the plaintiff was assaulted by hi neighbor. The context of the conversation was, the Newark Police had created two police reports one had the plaintiff as a suspect and the other stated there was no incident just neighbors arguing, therefore no criminal complaint. The plaintiff sent over five documents, two were statements of neighbors and one was a document entitled, my statement 32418, one was the contact information for Wendy Walker from the NPD and the other was an attachment of all the email correspondence from the plaintiff to the Newark Police Department which totaled 45 pages of emails. None of the information matches the statements the defendants spoke with actual malice in her article entitled, Newark mayoral hopeful call cyclist 'Aryan' homo. The defendant's statements from the article are, "In an unrelated case, Lopes said, he was a victim of a hate crime last year. He got into a quarrel with a neighbor in March 2018. The neighbor, who didn't recognize him, questioned why he was there and ultimately pepper-sprayed him, according to a witness statement that Lopes provided. The witness said the neighbor described Lopes as "some black person" and felt threatened by his presence. The reason? According to the witness, it started when Lopes told his neighbors' prospective renters they were parked in the wrong spot."

The defendant slanderous statements are not consistent with facts about the plaintiff and based on the emails sent to defendant erin on June 15, 2019 by the plaintiff and because of its content it presumed to be factual as the defendants statements in the article say they came from the plaintiff. The defendant's statements implicate the plaintiff in a criminal act and also being responsible for the assault upon himself. Leading the readers to believe this is a pattern of the plaintiff. Cal.Civ.Code subsection 46 (1) and Rodriguez, 314 F3d at 983. Here, the defendants published false statements about the plaintiff that are not privileged and statements inflicted special damages because they charge the plaintiff confessed to a criminal acts in the 2004 which caused plaintiff's physical injuries injury's caused by the cyclist. Here, the defendants published

false statements about the plaintiff that are not privileged and statements inflicted special damages because they charge the plaintiff for violating bike laws in san jose; as well as, the plaintiff's statements about the life style of the homosexual Aryan's is a criminal and moral crime.  The website is queerty.com, the Queerty editor Gram Gremore reposted the san jose mercury news article on June 18, 2019 with his caption "Angry Driver" https://www.queerty.com/mayoral-candidate-caught-tape-shouting-antigay-slurs-cyclist-says-exercising-free-speech-20190618.  This article is a statement are intentional publications of a statement of fact which is false, unprivileged and injured the plaintiff. These media correspondents and television commentators have slandered and defamatory statements regarding the plaintiff because they imply false assertions of fact.

One of many issues the Court must address is in the articles published by the defendants, the plaintiff was working for Google a private citizen not a politician, the Court must hold the plaintiff sought media attention on the facts presented to defendant erin about the Alameda County District Attorney and the Newark Police  Department charging him with two counts of spousal abuse then changing the charge to 2 counts of battery during the criminal trial. Here the plaintiff email and text to defendant erin work email address at ebaldassari@bayareanewsgroup.com and her person cell number she sent me at 510-208-6428. One of the many emails sent was the warrant for the plaintiff's arrest from the Alameda County District Attorney's office was that the plaintiff was charged with two counts of spousal abuse to get the warrant issued but it was late changed to two counts of battery then deleted out of the criminal history transcript. See exhibit C1, C2 and C3 below, C1 shows a criminal history stamped dated September 24, 2004; the plaintiff being charged with two counts of spousal abuse for warrant 3209109 for Cornelius Evans. C2 shows a protective order dated September 9, 2004 for neal Lopes, with case number 209109. The plaintiff sent several pages to the reporter telling her to print the truth to why and how he was prosecuted. In C3 the defendant replied she will tell his story and instead the blindsided him and printed a false and unprivileged statements. The Court must hold that the plaintiff did not seek out media attention of a public figure status, but the defendants have characterized the plaintiff as an involuntary public figure based on the prominence of a conversation with defendant ryan. The plaintiff was a private figure at the time the slander statements were published and the Court knows when it comes to private figures, the re-publisher of the defamatory statements is just as liable as the one who originally made them. At common law one who republishes a defamatory statement is deemed thereby to have adopted it and so ma be held liable. The san jose mercury news had put the same article in its argus newspaper and established another defamatory statement that's deemed thereby held liable together with the san jose mercury newspaper. The defamatory article or broadcast of the plaintiff, a private individual has had a devastating effect on the reputation of the plaintiff, who did not voluntarily elect to encounter defamation and who lacked sufficient media access to counter the accusations to address the issues raised in the publication and republications of defamatory statements. The defendant erin cannot reply on what the Court held in Norton, there the Court recognized the fair report privilege which protects reporters who rely upon a public official or public documents as the source. The defendants were free to make statements about the plaintiff's  prior city council race, however when the defendants statements that were

published on comments made to his work status based on private comments; as well as, his future in public office as Mayor of Newark, they face liability, Laidman, supra note 34 at 80.