UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS LOPES,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDIT, INC., and others,<br><br>    Defendants. | Case No. 20-cv-08086-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. ECF 14 |

## I. BACKGROUND

This order evaluates the Second Amended Complaint filed by Plaintiff Cornelius Lopes on April 30, 2021. ECF 14. The second amended complaint did not establish whether the Court has subject matter jurisdiction over the case. *See* ECF 14. Additionally, Lopes presented the second amended complaint in narrative format without clear distinction between the claims or the defendants involved in each claim. *See* ECF 14. Thus, the Court ORDERS Lopes to revise the format of his amended complaint according to Rule 8 and 10, and to establish within it why the Court has subject matter jurisdiction over this case by **July 6, 2021**. The case management conference ("CMC") will be conducted by phone and postponed from June 30, 2021, to **August 4, 2021, at 10:00 a.m.** The CMC statement is due by **July 28, 2021**.

## II. DISCUSSION

### A. Format of the Pleading

The Court first considers the form of Lopes' pleading. Rule 10 of the Federal Rules of Civil Procedure requires that the claims and defenses in a complaint be formatted in numbered paragraphs, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings that state a claim of relief to include "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Further guidance on formatting and examples are available in the Court's Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/.

The Court finds that the complaint does not comply with Rules 8 and 10. Specifically, the complaint is not formatted in numbered paragraphs, and certain paragraphs cover multiple claims. *See* ECF 14; Fed. R. Civ. P. 8, 10. Furthermore, in certain paragraphs, it is unclear who the alleged defendant is due to misspellings. *See* ECF 14 at 4–5 (raising claims against defendant "Robinstein," a misspelling of either "Robinson" or "Borenstein"). The Court recommends amending the complaint to include headings labeled "parties," "jurisdiction," "venue," "statement of facts," "claims," and "demand for relief." For clarity, the Court also recommends structuring paragraphs under the "claims" heading to include only a single claim, arising out of a single set of circumstances, against the relevant defendant(s).

### B. Subject Matter Jurisdiction

Next, the Court considers whether there is subject matter jurisdiction over this dispute. Federal courts are required to examine their cases for jurisdictional issues. *See B.C. by & Through Powers v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Federal courts are courts of limited jurisdiction and are presumptively without

jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts only have jurisdiction over three types of cases: (1) where the United States is a party; (2) where there is a "federal question" asserted; and (3) where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331–32. A case "arises under" a federal question if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). If a federal court has subject matter jurisdiction over a federal question claim, the court can exercise discretion over supplemental state law claims that arise out of the same case or controversy as the federal question claim, subject to the court's discretion. 28 U.S.C. § 1367.

After examining the second amended complaint, the Court cannot establish subject matter jurisdiction over Lopes' case. First, the United States is not a party. Second, although Lopes referenced and alluded to federal questions in the complaint (such as 42 U.S.C. § 1983, the Federal Wiretap Act, the Lanham Act, and the Copyright Act), Lopes has not clearly established a cause of action that arises under federal law. *See* ECF 14 at 4–8. Lopes alleges claims related to defamation, slander, intentional infliction of emotional distress, negligent infliction of emotional distress, and the right to publicity, but these claims all arise under state law. *See* ECF 14 at 1–5, 8–9. Given that Lopes has not established a cause of action arising under federal law, the Court cannot exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367. Third, Lopes has not demonstrated complete diversity of citizenship between the parties or alleged an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1331–32.

Applied here, it is difficult for the Court to assess subject matter jurisdiction due to the form of Lopes' complaint. As to federal question jurisdiction, the complaint mentions several potential federal issues, but the Court cannot assess whether the Lanham Act, Federal Copyright Act, Federal Wiretap Act, or 42 U.S.C. § 1983 claims are plausible. To

demonstrate the plausibility of these claims, the Court recommends directly applying those claims to the relevant laws described in the sections below.

### 1. The Lanham Act

To allege a violation of the Lanham Act, a plaintiff must demonstrate (1) ownership of a valid, protectable trademark and (2) that defendant's use of the mark is likely to cause confusion. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) (citing *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047, 1053 (9th Cir.1999)). Trademark ownership is acquired through prior use in a commercial market. *See Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1093 (9th Cir. 2004). To constitute a violation of the Lanham Act, the mark must be used in commerce in a manner that would likely cause confusion to a valid, protectable trademark. 15 U.S.C. § 1114. Here, Lopes' second amended complaint does not sufficiently allege a Lanham Act claim because Lopes has not established that he owns a valid, protectable trademark, nor has he clearly stated which defendant has used the mark in a manner that would cause commercial confusion.

### 2. Federal Copyright Act of 1976

When alleging a Federal Copyright Act claim, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). After examining the second amended complaint, Lopes has not clearly alleged a Federal Copyright Act claim because he has not demonstrated ownership of a valid copyright nor copying of constituent elements of the work that are original.

### 3. Federal Wiretap Act

To allege a Federal Wiretap Act claim under 18 U.S.C. § 2511(1)(a), a plaintiff can demonstrate that a defendant "intentionally intercept[ed]" or "endeavor[ed] to intercept . . . any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). In terms of this Act, an "oral communication" is understood as that "in which the speaker had a 'reasonable expectation of privacy.'" *In re Google Assistant Privacy Litigation*, 457 F.

1  Supp. 3d 797, 816 (N.D. Cal. 2020) (quoting *U.S. v. McIntyre*, 582 F.2d 1221, 1223 (9th

2  Cir. 1978)). Additionally, a plaintiff can allege a Federal Wiretap Act violation under

3  § 2511(1)(c) by demonstrating that a defendant disclosed, or attempted to disclose, to

4  another person the contents of any communication obtained in violation of the Act. *See* 18

5  U.S.C. § 2511(1)(c).

6  As applied here, Lopes has not sufficiently alleged violations of the Federal Wiretap

7  Act under § 2511(1)(a) or § 2511(1)(c). Lopes has not clearly demonstrated which

8  defendants have intercepted oral communications in which Lopes had a reasonable

9  expectation of privacy. *See* 18 U.S.C. § 2511(1)(a); ECF 14 at 6 ("The plaintiff was

10  unaware of the recording . . . The defendants need to [be] charge[d] with [F]ederal

11  Wiretap Act [violations] . . ."). Similarly, Lopes has not clearly demonstrated which

12  defendants have disclosed the contents of any communications obtained in violation of the

13  Federal Wiretap Act. *See* 18 U.S.C. § 2511(1)(c); ECF 14 at 7 ("Here the defendant's oral

14  communication . . . [was] used . . . for their political subdivisions to stop [plaintiff's]

15  political aspirations.").

### 4.   42 U.S.C. § 1983

17  When stating a violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff

18  must allege that (1) the conduct complained of was committed by a person acting under

19  color of state law and (2) the conduct violated a right secured by the Constitution or laws

20  of the United States. *Gomez v. Toledo*, 446 U.S. 635, 639 (1980). Here, Lopes alleges a

21  violation of the First Amendment, but he has not demonstrated that any defendant was a

22  state actor operating under the color of state law. *See* ECF 14 at 9 ("Does the First

23  Amendment offer no greater or lesser protection to opinions than to other statements . . .

24  ?"). Therefore, as alleged, the Court cannot ascertain whether there is subject matter

25  jurisdiction based on federal question.

26  //

27  //

## III. CONCLUSION

Accordingly, the Court ORDERS Lopes to revise the format of his amended complaint according to Rule 8 and 10, and to establish within it why the Court has subject matter jurisdiction over this case by **July 6, 2021**. The CMC is postponed from June 30, 2021, to **August 4, 2021, at 10:00 a.m.**, by phone, and the CMC statement is due by **July 28, 2021**. If Lopes is unable to establish subject matter jurisdiction through valid federal law claims or through diversity jurisdiction, the Court will recommend dismissal of this case. However, if this Court dismisses the case for lack of subject matter jurisdiction, Lopes can still file his state law claims in state court.

Finally, the Court reminds Lopes that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by phone appointment at (408) 297-1480. There are also online resources available on the Court's webpage at: http://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: June 15, 2021

NATHANAEL M. COUSINS
United States Magistrate Judge