UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORNELIUS LOPES,<br><br>           Plaintiff,<br><br>    v.<br><br>REDDIT, INC., et al.,<br><br>           Defendants. | Case No. 20-CV-08086-LHK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 14, 19 |

On November 17, 2020, *pro se* Plaintiff Cornelius Lopes filed the instant case against Defendants Reddit, Inc., Erin Baldassari, Ryan Thompsen, Bay Area News Group, San Jose Mercury News, and First Media. ECF No. 1.

Since February 17, 2021, United States Magistrate Judge Nathanael M. Cousins has held a case management conference at which Plaintiff failed to appear; issued three orders screening the complaints; and granted Plaintiff four opportunities to amend his complaint. ECF Nos. 8, 11, 13, 16. Specifically, on June 14, 2021, Judge Cousins issued his third screening order, entitled "Order to Show Cause Why Case Should Not be Dismissed for Lack of Subject Matter Jurisdiction" (hereafter, "OSC"). ECF No. 16. The OSC directed that Plaintiff "revise the format of his

1
Case No. 20-CV-08086-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING AMENDED COMPLAINT
WITHOUT LEAVE TO AMEND

1    amended complaint according to Rule 8 and 10, and to establish within it why the Court has

2    subject matter jurisdiction over this case by July 6, 2021." *Id.* at 6 (emphasis omitted). The OSC

3    also warned that "[i]f Lopes is unable to establish subject matter jurisdiction through valid federal

4    law claims or through diversity jurisdiction, the Court will recommend dismissal of this case." *Id.*

5    On July 7 and July 12, 2021, the Clerk's Office received two responses to the OSC. ECF Nos. 17,

6    18. In both responses, Plaintiff asked Judge Cousins to extend the deadline to respond to the OSC

7    until July 7, 2021. ECF Nos. 17-1, 18-1.

8          On July 14, 2021, Judge Cousins issued the instant Report & Recommendation. ECF

9    No. 19. The Report & Recommendation made three rulings. First, Judge Cousins granted

10   Plaintiff's request to extend the OSC response deadline to July 7, 2021. *Id.* at 1. Second, Judge

11   Cousins also accepted the July 12, 2021 filing despite its untimeliness. *Id.* Judge Cousins thus

12   reviewed Plaintiff's July 7 and July 12, 2021 filings. *Id.* Third, Judge Cousins found that Plaintiff

13   had again failed to establish subject matter jurisdiction. *Id.* at 2. Accordingly, Judge Cousins

14   (1) requested that this case be reassigned to a district judge, and (2) recommended that, because

15   Plaintiff has had four opportunities to cure identified jurisdictional defects, the district judge

16   dismiss Plaintiff's amended complaint without leave to amend. *Id.* at 2. No party has objected to

17   the Report & Recommendation within the 14-day period allowed for objections. *See* 28 U.S.C.

18   § 636(c) (providing for 14-day deadline). The deadline for objections passed on July 28, 2021.

19         On July 15, 2021, the Clerk's Office received another filing from Plaintiff. Plaintiff titled

20   this filing "Amended Document and Reply to Order to Show Cause Why Case Should Not be

21   Dismissed for Lack of Subject Matter Jurisdiction." ECF No. 21. This latest filing is undated and

22   is difficult to follow and contains several expletives and slurs. *See, e.g.*, ECF No. 21 at 3 (slur), 4

23   (capitalized expletive and slur).

24         Even if the Court liberally construes Plaintiff's latest filing as a response to the Report &

25   Recommendation, the filing fails to cure the jurisdictional deficiencies previously identified

26   repeatedly by Judge Cousins. Specifically, like the operative complaint, Plaintiff's latest filing

2

Case No. 20-CV-08086-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING AMENDED COMPLAINT
WITHOUT LEAVE TO AMEND

fails to establish either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity jurisdiction). As for federal question jurisdiction, Plaintiff's latest filing again "alleges claims related to defamation, slander, intentional infliction of emotional distress, negligent infliction of emotional distress, and the right to publicity." OSC at 3; *accord* ECF No. 21 at 1–34 (making various claims that arise under state law). "These claims all arise under state law." OSC at 3. Plaintiff's claims thus fail to support federal question jurisdiction. As for diversity jurisdiction, Plaintiff's latest filing again fails to "demonstrate[] complete diversity of citizenship between the parties." *Id.* Indeed, Plaintiff's latest filing does not appear to mention the citizenship of any Defendant. *See, e.g.*, ECF No. 21 at 1 (failing to mention Defendant Steve Huffman); *id.* at 2–33 (failing to specify Defendant Ryan Thompsen's citizenship). Diversity jurisdiction is also therefore lacking.

In sum, having reviewed the Report & Recommendation, as well as the record in this case, the Court finds that Judge Cousins's Report & Recommendation is well-founded in fact and in law. Specifically, the Court finds that granting Plaintiff a fifth opportunity to amend the complaint would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Accordingly, the Court hereby ADOPTS Judge Cousins's Report & Recommendation and DISMISSES without leave to amend Plaintiff's amended complaint, ECF No. 14, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 3, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge